Argued and submitted September 3, peremptory writ ordered issued on
September 23, 1986

STATE ex rel MARSHALL,
*Plaintiff-Relator,*

*v.*

HARGREAVES,
*Defendant.*

(CC 15-86-02463; SC S32774)

725 P2d 923

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause for defendant. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Philip Schradle, Assistant Attorney General, Salem.

Stephen J. R. Shepard, Lane County Legal Aid Service, Eugene, filed the brief and argued the cause for plaintiff-relator.

Anita Paulsen, Portland, and Patricia Goldsmith, Hillsboro, of Oregon Legal Services, filed a brief on behalf of *amici curiae* Oregon Coalition Against Domestic & Sexual Violence, National Coalition Against Domestic Violence, and Women's Rights Coalition.

2

PER CURIAM

## PER CURIAM

This is a mandamus proceeding in which relator seeks to have this court issue a writ of mandamus ordering the defendant circuit judge to hold a hearing on the relator's Petition for a Restraining Order and to Prevent Abuse to determine if there is an immediate and present danger of abuse to relator. This court issued an Alternative Writ of Mandamus to the defendant judge on May 28, 1986. Defendant filed his answer on June 9, 1986.

The issue in this proceeding is whether defendant has failed to afford relator a hearing on her petition for a restraining order as provided in the Abuse Prevention Act, ORS 107.700 to 107.730.

Relator is the petitioner in an action against her husband in Lane County Circuit Court under the Abuse Prevention Act, alleging the immediate and present danger of abuse to herself by respondent who lived with her and a minor child in the family residence in Junction City, Oregon. Relator requested the following relief under ORS 107.718(1):[1]

"1.    restraining respondent from molesting, interfering with or menacing, in any manner, the plaintiff and the minor child of plaintiff;

"2.    excluding respondent from the marital residence at 925 Elm Street, Junction City, Oregon; and

---

[1] ORS 107.718(1) provides in pertinent part:

"A person alleging abuse may petition the court for relief under this section. The circuit court shall hold an ex parte hearing in person or by telephone on the day the petition is filed or on the following judicial day. Upon a showing that there is an immediate and present danger of abuse to the petitioner, the court shall, if requested, order, for a period of one year:

"* * * * *

"(b)  That the respondent be required to move from the petitioner's residence, if in the sole name of the petitioner, or if the parties are married to each other;

"(c)  That either or both of the parties be restrained from molesting, interfering with or menacing the other;

"(d)  That the respondent be restrained from molesting, interfering with or menacing the minor children * * *; or

"(e)  That the respondent be restrained from entering on any premises when it appears to the court that such restraint is necessary to prevent the respondent from molesting, interfering with or menacing the petitioner or with the minor children * * *."

"3. restraining respondent from entering the child's school."

On March 26, 1986, relator petitioned for a restraining order. She appeared *pro se* before the defendant judge who denied her request for a restraining order because she had obtained two earlier restraining orders and had dismissed them, commenting that "you have done nothing but use the system for whatever reason."

On March 27, 1986, relator filed a fourth petition and appeared with counsel requesting a restraining order. Without taking any evidence, the court ruled:

"This Court has issued two previous orders for Mrs. Marshall based upon, essentially, the same allegations that she's making here today. Within very short periods of time after each one of these orders was entered she withdrew and dismissed them both. As far as I'm concerned, if she is going to get an order out of this Court, she's going to have to go to the Court of Appeals on a mandamus proceeding because I'm not going to issue an order."

Defendant alleged in his answer that he did hold a hearing "on whether or not a restraining order should be granted and that defendant determined that no restraining order should be granted to relator." Defendant further alleged that "defendant made this determination because relator had received two previous restraining orders based upon allegations similar to the allegations relator presented in the present case, but relator had dismissed the previous restraining orders." The record is unclear whether relief was denied solely because relator had obtained two earlier restraining orders or because the judge believed that dismissal of the two prior restraining orders meant that there could be no showing "that there is an immediate and present danger of abuse to the petitioner."[2]

---

[2] The defendant judge, in his brief, states:

"In this case, the trial court declined to conclude that relator had made the requisite showing that such a present danger existed because relator had filed similar petitions twice before, but had soon thereafter dismissed the restraining orders she had obtained. The trial court viewed relator's purported 'showing' of present danger in the light of all the information before the court, including relator's previous history. The trial court's conclusion to deny relator the relief she requested in her petition was an exercise of the judicial discretion to evaluate the evidence presented which is granted to the trial court under the terms of the Abuse Prevention Act."

The record shows, however, that the judge did not hold a hearing on the merits of the fourth petition to determine whether the relator was in immediate and present danger of abuse by the husband. No hearing contemplated by the statute was ever conducted by defendant.

Although we are sympathetic to the frustration of any court faced with multiple petitions and dismissals, the statute does not give judges the discretion to deny hearings for a restraining order. ORS 107.718 is mandatory, not permissive. The statute reads that the "court *shall* hold an ex parte hearing in person or by telephone on the day the petition is filed or on the following judicial day." (Emphasis added.) The legislature enacted no exceptions to the statute. Therefore, defendant had a non-discretionary duty to hold a hearing and to determine whether an immediate and present danger existed.

Because we find the defendant had no discretion to deny relator a hearing, he is ordered to conduct forthwith such a hearing and to determine whether there is an immediate and present danger of abuse to relator. We express no opinion on the merits of the petition for a restraining order.

Peremptory writ to issue.